UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DEBORAH WILLIAMS,                    )
                                     )
            Plaintiff,               )
                                     )
      v.                             )        No. 4:08 CV 965 DDN
                                     )
WAL-MART STORES, INC.                )
                                     )
            Defendant.               )

**MEMORANDUM AND ORDER**
**REMANDING ACTION TO MISSOURI CIRCUIT COURT**

    This action is before the court on the motion of plaintiff Deborah
Williams to remand the action to the Missouri circuit court whence it was
removed.  (Doc. 8.)  A telephone conference of the undersigned with
counsel for all parties was held on the record on September 2, 2008.  The
parties have all consented to the exercise of plenary authority by the
undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

    Plaintiff Williams commenced this action for negligence against Wal-
Mart Stores, Inc. (Wal-Mart) in the Circuit Court of St. Charles County,
Missouri.  In her petition, Williams alleges she fell at a Wal-Mart
store, suffering injuries.  (Doc. 1 at ¶¶ 6-9.)  The petition  prays for
judgment against Wal-Mart for damages "in excess of TWENTY-FIVE THOUSAND
DOLLARS ($25,000.00), **but less that SEVENTY-FIVE THOUSAND DOLLARS
($75,000.00).**"  (Doc. 8 at 3-4 (emphasis added).)

    On July 2, 2008, Wal-Mart removed the action to this court, invoking
diversity of citizenship subject matter jurisdiction.  28 U.S.C. §§ 1332,
1441.  In opposition to the motion for remand, Wal-Mart attached a letter
from plaintiff's counsel, dated August 22, 2006, which indicated a
settlement position of $175,000.  (Doc. 10 at 2; Doc. 10, Ex. 1 at 2.)

    In support of her motion for remand, Williams argues that there is
no subject matter jurisdiction in this court for the action, because she
claims less than the jurisdictional amount of $75,000 prescribed by §
1332, as set forth in her written, sworn affidavit attached to her
motion.  In that affidavit she states, "I stipulate and agree that I will

not seek or accept from Wal-Mart Stores, Inc. more than the sum of $75,000.00 as damages in said case."

In its response, Wal-Mart argues, and shows by a letter from counsel, that plaintiff had claimed more than the federal jurisdictional amount. However, defendant states that it will not oppose the motion to remand, upon Williams's stipulation that she will accept no more than $75,000 in damages as a result of the alleged incident. (Doc. 10 at 1.)

During the September 2, 2008, telephone conference, counsel discussed whether or not plaintiff's affidavit would apply to Williams's husband, who was not a party to the state court action and who is not a party to the action in this court, but who may have a claim for damages for loss of consortium.

Whether or not plaintiff Deborah Williams's husband has or asserts a claim for loss of consortium against defendant Wal-Mart Stores is not before this court. In her affidavit, Deborah Williams does not purport to limit any future recovery of her husband and no one has asserted she has that authority. Her affidavit refers only to the amount she claims.

Upon this record,

**IT IS HEREBY ORDERED** that the motion of plaintiff Deborah Williams to remand this action to the Circuit Court of St. Charles County, Missouri (Doc. 8) is sustained.



        /S/   David D. Noce      
**UNITED STATES DISTRICT JUDGE**


Signed on September 8, 2008.